UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTRELL AHMAD LEFLORE'EL,

                 Plaintiff,

v.                                  Case No. 11-CV-897-JPS

OFFICER BOUCHONVILLE
and PETER ERICKSEN,

                 Defendants.         **ORDER**

       The plaintiff has filed a motion to compel discovery, motion to allow additional time for discovery, and second motion for appointment of counsel. These motions will be addressed herein.

       In his June 15, 2012 motion to compel discovery, the plaintiff seeks a court order for the defendants to provide "all names, cell numbers, and ID numbers of inmates who were housed on the Segregation Unit on September 27, 2005 and December 16, 2005." (Pl.'s Mot. to Compel at 3). The plaintiff's motion to allow additional time for discovery, also filed June 15, 2012, seeks additional time so the defendants may respond to the above requests. The defendants contend that the court should deny the plaintiff's motions because they already provided him all information likely to lead to admissible evidence that is consistent with the security needs of the Wisconsin Department of Corrections.

       Although the defendants' initial responses to the plaintiff's discovery requests objected to the requests as untimely filed, they subsequently provided amended responses addressing the substance of the requests, after the court extended the deadline for the completion of discovery. Specifically, the defendants gave the plaintiff a list of names and cell numbers of the

inmates who were housed on the odd side of the 300 Wing of segregation on September 27, 2005. The defendants objected to disclosing the inmates' identification numbers, which the plaintiff sought so he could determine the inmates' current locations. However, the defendants provided the plaintiff with the current institutional location of the inmates identified. Finally, the defendants did not disclose the names of inmate housed on the even side of the 300 Wing because a cinder block wall separates the even and odd sides of the wing, preventing inmates on the even side from seeing and, for the most part, hearing what occurs on the odd side. (Defs.' Resp. Br. at 5.)

With respect to the plaintiff's request for December 16, 2005 inmate information, the defendants did not disclose any names or location information because there are no complaint allegations regarding any incidents occurring on that date. The plaintiff contends that defendant Bouchonville made statements during a separate incident that occurred on that date which revealed his motive and intentions to harm him during the September 27, 2005 incident and that other inmates in neighboring cells overheard these statements. However, the defendants point out that the plaintiff was housed in cell #618, an observation cell, on December 16, 2005, and, based on the location of that cell and the fact that it has two doorways, no other cell can see anything that occurs at or around the trap door area of the cell. The defendants further assert that there is only one cell, #617, that can possibly hear what occurs at the cell front of cell #618 and the plaintiff could have sought that information through discovery, but he did not.

The court finds that the defendants provided thorough responses to the plaintiff's discovery requests. Moreover, their refusal to provide inmate information with regard to December 16, 2005, is reasonable because such information is unlikely to be relevant to the plaintiff's claims. Thus, the

plaintiff's motion to compel will be denied and his motion for extension of time will be denied as moot.

On July 10, 2012, the plaintiff filed a second motion for appointment of counsel. He asserts that the attorney who was going represent him is now unable to represent him, and that he has been unable to secure other counsel. The plaintiff also states that he suffers from post-traumatic stress disorder, depression, and anxiety. Finally, the inmates who were previously assisting him litigate are now at different institutions, making communication "extremely difficult and cumbersome."

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the court is not convinced that the plaintiff is unable to proceed on his own at this stage. The defendants' motion for partial summary judgment for failure to exhaust administrative remedies is fully briefed and ready for resolution. Discovery is closed and on July 25, 2012 the defendants filed a motion for summary judgment on the

merits. Under the circumstances, the court will grant the plaintiff additional time, until September 24, 2012, to file his response to the defendants' motion for summary judgment. At this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel discovery (Docket #52) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to allow additional time for discovery (Docket #53) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's second motion to appoint counsel (Docket #73) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff shall file his response to the defendant's motion for summary judgment on or before **September 24, 2012**. No extensions will be granted.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:11-cv-00897-JPS   Filed 08/07/12   Page 4 of 4   Document 85